0373

John R. HARPER II, William H. Edwards, Sr. and Larkin V. Campbell, Appellants, v. John H. GIBSON, Jr., Defendant-Respondent, and Henry DaVega, Jr., Defendant-Cross-Complainant-Respondent.

(325 S. E. (2d) 586)

Court of Appeals

*John R. Harper II* of *John R. Harper, P.A., William H. Edwards, Sr.,* and *Larkin V. Campbell* of *Edwards & Campbell, P.A.,* Columbia, *pro se.*

*James Coffas* of *Kosko & Coffas,* and *William R. Taylor* of *Whaley, McCutchen, Blanton & Rhodes,* Columbia, *for defendant-respondent* and *defendant-cross-complainant-respondent.*

Heard Nov. 14, 1984.

Decided Jan. 21, 1985.

GARDNER, Judge:

Appellants John R. Harper II, William H. Edwards, Sr. and Larkin V. Campbell (the purchasers) instituted this action for the specific performance of a contract of sale of real estate entered into between the purchasers and respondent John H. Gibson, Jr. (seller). The seller moved for summary judgment which was granted by the trial judge on the grounds that the contract contained a condition precedent enforceable by the seller which the purchasers could not perform. We disagree and reverse.

By the contract of sale, the seller agreed to sell a tract of land with improvements to the purchasers for the sum of $50,000. The contract provided for earnest money in the amount of $500 and that the seller would accept as part of the purchase price a second mortgage in the amount of $38,500 with stipulated interest rates and monthly payments of principle and interest.

The sole question on appeal is whether a condition precedent enforceable by the seller is created by the following language of the contract:

> This contract is contingent upon the Purchaser being able to assume the present mortgage[1] on this property in the amount of approximately $11,000 with an interest rate of 10% per annum now being held by Henry De-Vega, Jr. [sic].

The contract further provided that the closing date was to be on or before January 29, 1982.

The purchasers' complaint alleges that on January 29, 1982, the purchasers were ready, willing and able to perform their part of the bargain and presented themselves to the seller in readiness to consummate the transaction, but that the seller breached the contract by refusing to perform as promised.

The seller's answer alleged that the contingency provision above quoted was a condition precedent enforceable by the seller and that the mortgagee had refused to consent to the assumption of the $11,000 mortgage. The answer then alleged that the seller had no obligation to perform unless DaVega, the mortgagee, consented to the assumption.

Subsequent to service of the answer, the purchasers failed to timely respond to request for admissions of fact served pursuant to Circuit Court Rule 89. Among these requests was:

> 3. That the Plaintiff understood the contract of sale was contingent upon the Plaintiff being able to assume the present mortgage on the property in the amount of approximately Eleven Thousand ($11,000.00) Dollars with an interest rate of ten (10%) percent per annum, being held by Henry DeVega, Jr. [sic];

The trial court ruled that the above admission was tantamount to an admission that the contingency provision of the contract of sale was a condition precedent enforceable by the seller. We disagree. The admission can be construed only as an admission that the contingency existed for the benefit of the purchasers should they elect not to pay the mortgage in

---

1. The exact provision of the mortgage referred to is:

   This mortgage may not be assumed without the written consent of the holder, and conveyance of the within-described property without such written permission shall, at the option of the holder, constitute a default hereunder.

full. It does not constitute an admission that the contingency clause of the contract of sale constitutes a condition precedent enforceable by the seller and we so hold. The buyers, under the terms of the contract and the mortgage, had the option of paying the mortgage if the mortgagee declared the mortgage in default; the contingency was this and no more; it was an option of the buyers and not a condition precedent enforceable by the seller, and we so hold.

"Common sense and good faith are the leading touchstones in the construction of contracts." *Farr v. Duke Power Company*, 265 S. C. 356, 218 S. E. (2d) 431 (1975); *id.* the following language occurs:

> Where a construction of a contract makes it unusual or extraordinary and another construction, equally consistent with the language employed, would make it reasonable, fair, and just, the latter construction must prevail. An interpretation which evolves the more reasonable and probable contract should be adopted, and a construction leading to an absurd result should be avoided.

The above rule of law is almost axiomatic and applies to the contingency provision of the contract before us. We hold that the trial judge erred in failing to rule that a genuine issue of fact existed as to whether the purchasers were ready, willing and able to perform on January 29, 1982, and the defendants refused to perform.

For the reasons given, the appealed order is reversed.

Reversed.

BELL and GOOLSBY, JJ., concur.